IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TONI NASH                                               Case No.
c/o Gottesman & Associates, LLC
9200 Montgomery Rd.
Building E, Suite 18B                                    Judge
Cincinnati, Ohio 45242,

       Plaintiff,                             COMPLAINT WITH JURY DEMAND
                                                        ENDORSED HEREON

v.

CITY OF CINCINNATI
c/o Emily Smart Woerner
City of Cincinnati Law Dept.
801 Plum Ste. #214
Cincinnati, Ohio 45202

and

CHIEF TERESA THEETGE, Individually and
in her Official Capacity
c/o Emily Smart Woerner
City of Cincinnati Law Dept.
801 Plum Ste. #214
Cincinnati, Ohio 45202

and

DANITA PETTIS, Individually and
in her Official Capacity
c/o Emily Smart Woerner
City of Cincinnati Law Dept.
801 Plum Ste. #214
Cincinnati, Ohio 45202

       Defendants.

Now comes Plaintiff, by and through counsel, and for her Complaint against the

Defendants states as follows:

## PRELIMINARY STATEMENT

1.      This is an action under Title VII of the Civil Rights Act of 1964 42 U.S.C. §
2000e-2(a)(1), 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986 and Ohio Revised Code
Chapter 4112, for Defendants' unlawful discriminatory and retaliatory actions against
Plaintiff based on race. Defendants subjected Plaintiff to unlawful, discriminatory, and
corrupt policies and practices including, but not limited to, retaliation for engaging in
protected activity, intimidation, demeaning and divisive comments, sham investigations,
disparate treatment, and a hostile work environment based on race. Defendants harassed,
demeaned, and targeted Plaintiff because of race, and after she came forward and reported
discrimination, Plaintiff was punished and denied a position for which she was qualified.

2.      As a consequence of the foregoing, Plaintiff filed this action seeking
compensatory damages, recovery for economic losses, punitive damages, declaratory and
injunctive relief, and reasonable attorney fees and costs in this matter.

## PARTIES

3.      At all relevant times herein, Plaintiff was an employee of the City of Cincinnati.
During all relevant times, Plaintiff was an employee within the meaning of 42 U.S.C.
§5000e(f) and R.C. 4112.01(A)(3).

4.      Plaintiff is a black female and police officer for the Cincinnati Police
Department, and at all  times relevant, a resident of the State of Ohio.

5.      At all relevant times herein, Defendant City of Cincinnati ("Cincinnati") is the
employer of Plaintiff, and a public employer within the meaning of Title VII (42 U.S.C.
2000e(b), and R.C. 4112.01(A)(2). Defendant Cincinnati is a duly chartered municipality

and city within the state of Ohio and, in that capacity, maintains the Cincinnati Police Department.  Cincinnati employs more than 500 persons.

6.      Defendant Teresa Theetge ("Defendant Theetge") was, at all times relevant, the Chief of Police, Acting Chief of Police, or the Lt. Colonel for the Cincinnati Police Department responsible for, among other things, executive and administrative functions of the Cincinnati Police Department. She has held those positions at all  times relevant to this matter. She is sued in her individual and official capacities.

7.      Defendant Danita Pettis ("Defendant Pettis") was and is, at all times relevant, an employee of the City of Cincinnati Police Department. At all times relevant, she held a rank higher than Plaintiff. She is sued in her individual and official capacities.

## Jurisdiction and Venue

8.      This Court has jurisdiction over this action under 28 U.S.C. § 1331.  Federal jurisdiction is invoked to secure protection of and to redress deprivations of the rights under the statutes of the United States, specifically including Title VII, 42 U.S.C. § 2000e *et seq*, 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1986.

9.      This  Court  has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367, because Plaintiff's state law claims are so related to her federal claims over which the Court has jurisdiction that those claims form part of the same case or controversy.

10.      Venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) because the acts complained of all occurred within this judicial district.

## PROCEDURAL HISTORY AND REQUIREMENTS

11.     On or about August 17, 2023, Plaintiff filed timely charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the Ohio Civil Rights Commission (OCRC) through dual filing and a work share agreement (the EEOC retained jurisdiction over the investigation). (Exhibit A)

12.     The EEOC investigated the Complaint and issued Plaintiff a Notice of Right to Sue on July 18, 2024. (Exhibit B).

13.     The Plaintiff has exhausted all required administrative remedies before commencing this action.

14.     The complaint was filed within 90 days of receipt of the Notice of Right to Sue issued by the EEOC.

## STATEMENT OF FACTS

15.     Plaintiff is a black, female law enforcement officer, employed by the Cincinnati Police Department since on or about September 3, 2003.

16.     Plaintiff is in an inter-racial marriage with a white male and has biracial children.

17.     At all times relevant, Plaintiff was assigned to the District 5 Patrol.

18.     Plaintiff was an experienced and successful Police Officer.

19.     On or about August 22, 2022, Police Captain, Defendant Danita Pettis engaged in a phone conversation with Cincinnati Police Sergeant Linda Sellers, Cincinnati Police Sergeant Nedra Ward, and retired Cincinnati Police Sergeant Carolyn Wilson where Plaintiff was the subject of the conversation.

20.     During this phone conversation, which was recorded, Defendant Pettis made racially offensive statements about Plaintiff's interracial marriage and biracial children,

voiced her disgust for black officers that have interracial relationships, and expressed her hate for white people in general.

21.    During this recorded conversation, Defendant Pettis repeatedly stated Plaintiff was "sleeping with the enemy," referring to Plaintiff's husband and/or other white men as "the enemy."

22.    During this recorded conversation, Defendant Pettis stated "F#!k (expletive) her (Plaintiff) and her biracial children." This statement, made with racial animus, and was meant to demean Plaintiff and her children because of race.

23.    During this recorded conversation, Defendant Pettis made additional statements calling Plaintiff "stupid as a box of rocks," stating she had "the brain of a gnat," and repeatedly referred to Plaintiff as "retarded."

24.    During this recorded conversation, Defendant Pettis referred to Plaintiff as a "monkey ass," a racially derogatory and highly offensive term directed at black people.

25.    During this recorded conversation, Defendant Pettis made racially demeaning comments disparaging Plaintiff for having relationships with white people, and falsely accused Plaintiff of sleeping with white men, stating "Least I ain't (sic) f#%ked (expletive) nobody white!"

26.    During this recorded conversation, Defendant Pettis stated she wanted to destroy Plaintiff's career because Plaintiff did not share Defendant Pettis' hate for white people.

27.    During this recorded conversation, Defendant Pettis threatened to harm Plaintiff stating "You (Plaintiff) made me feel like I wanna knock you in your mother (expletive) face!"

28.     During this recorded conversation, Defendant Pettis stated "F#%k (expletive) you (Plaintiff) and your dumb biracial relationships!"

29.     The statements made by Defendant Pettis directly violated City of Cincinnati Administrative Regulation (AR) No. 25, which prohibits discriminatory harassment.

30.     The statements made by Defendant Pettis directly violated City of Cincinnati Administrative Regulation (AR) No. 49, which prohibits workplace violence, including threats.

31.     The statements made by Defendant Pettis directly violated City of Cincinnati Administrative Regulation (AR) No. 55, which prohibits conduct that is disrespectful, intimidating, threatening or bullying.

32.     On or about November 2022, an edited version of the recording was shared with Plaintiff by Cincinnati Police Sergeant Sabreen Robinson.

33.     Plaintiff's initial reaction to the abbreviated recording was one of alarm and repugnance at the overt and extreme racial animus. Plaintiff was also concerned that Defendant Pettis was threatening and intended to harm her career.

34.     On or about April 1, 2023, two investigative positions became available in District 2, a District where Defendant Pettis supervised personnel.

35.     Plaintiff was qualified for the positions, having previously served as an investigator in District 5. Plaintiff was able to demonstrate years of applicable experience and her fitness for the positions.

36.     After applying for the positions, Plaintiff was contacted by Sgt. Linda Sellers, who advised her that Plaintiff would need to "apologize" to Defendant Pettis or she would not be considered for the investigative positions.

37.     Plaintiff believed Sgt. Sellers was counseling her to denounce her white husband and bi-racial children in order to be considered by Defendant Pettis for the investigator position.

38.     Plaintiff contacted Defendant Pettis, as suggested, but refused to denounce her relationship with her white husband or apologize for the mixed race of her children.

39.     When applying for the District 2 investigator positions, Plaintiff supported her qualification for the positions with investigative work product and demonstrated her years of experience.

40.     When the list of qualified personnel was released, Plaintiff was last. She was ranked lower than several less qualified personnel.

41.     Defendant Pettis had a significant role in determining the ranking of applicants and she placed Plaintiff last due to her personal racial animus against black officers and supervisors that did not share her dislike of white people, including black officers in relationships with white partners and/or who have mixed race children

42.     Following the release of the applicant list, the City of Cincinnati recognized the race-based animus and discriminatory actions that led to the ranking and directed Defendant Pettis to destroy the memoranda detailing the ranking of candidates for the position.

43.     On or around June 5, 2023, the phone conversation involving Defendant Pettis, and her racially disparaging remarks directed towards Plaintiff, was leaked to media outlets and became a newsworthy event.

44.     The statements made by Defendant Pettis were shocking and highly offensive. The media coverage exposed the demoralizing statements made against Plaintiff and caused her, and her family fear, embarrassment, and stress.

45.     Plaintiff was emotionally impacted, and she missed work due to stress related anxiety. Plaintiff had to seek medical attention to cope with the stress and anxiety.

46.     The public nature of the racially motivated and harassing statements made by Defendant Pettis disrupted Plaintiff's work environment and interfered in her ability to perform her duties.

47.     Following the targeted and discriminatory ranking of applicants on the list for open investigator positions on District 2, Plaintiff was compelled to come forward to report the conduct by Defendant Pettis.

48.     On or around June 5, 2023, Plaintiff contacted the Cincinnati Police Department (CPD) Internal Investigations Section (IIS), and identified Defendant Pettis as the party on the recording making racially disparaging comments and threatening workplace violence against Plaintiff.

49.     Defendant Theetge requested Human Resources conduct the investigation, given the nature of the allegations and the likely potential the statements on the recording would constitute discrimination and harassment.

50.     During the pendency of the investigation, Defendant Pettis, while in uniform, visited Plaintiff at her home in an effort to intimidate Plaintiff and her family.

51.     Plaintiff reported this intimidation, and the City took no action.

52.     Defendant Theetge contacted Plaintiff after Defendant Pettis came to her home, and Defendant Theetge stated she was unable to take any action against Defendant Pettis for the behavior.

53.     On or about July 17, 2023, the investigation by Human Resources concluded that "While the recording contains oral communications and derogatory comments that are

prohibited under (policy) AR25 and AR55," the communication took place while both individuals were off duty, and there was insufficient nexus to the workplace in order to sustain a violation of the policy.

54.     Defendant City of Cincinnati, failed to apply policy in a fair manner, and refused to enforce policy (namely AR25 and AR55) because of the race of the offender.

55.     The Human Resources investigation had the purpose and effect of covering up Defendants' racial animus and discriminatory actions based on race.

56.     Plaintiff filed a complaint with the Equal Employment Opportunity Commission (herein the "EEOC") on August 17, 2023.

57.     The EEOC provided Plaintiff with a "Determination and Notice of Rights" on July 18, 2024, providing Plaintiff with a notice of her right to sue. (Exhibit B).

### COUNT I – RACE DISCRIMINATION (against the City of Cincinnati)

### Title VII, 42 U.S.C. § 2000e *et seq.*; R.C.4112, *et seq.*

58.     Plaintiff restates each and every prior paragraph as if fully restated herein.

59.     The facts as alleged herein, that occurred from August 22, 2022, to the present date, constitute direct evidence of discrimination in violation of 42 U.S.C. §2000e, *et seq.* and R.C. 4112, *et seq.*

60.     From August 2022, and to the present date, Plaintiff was qualified and held a position as a sworn law enforcement officer for the City of Cincinnati. From August 2022, and to the present date, Plaintiff was a black, female and a member of a class of protected individuals under 42 U.S.C. 2000e, *et seq.* and R.C. 4112, *et seq.*

61.　　From August 2022, and to the present date, Plaintiff suffered intentional discrimination and ultimately, had various adverse actions taken against her as the result of her status within the protected class.

62.　　From August 2022, and to the present date, similarly situated individuals employed by Defendant City of Cincinnati were treated more favorably, were not harassed, and did not have materially adverse employment actions taken against them.

63.　　From August 2022 and to the present date, Defendants' acts in discriminating against Plaintiff based on her race include but are not limited to, harassing and intimidating Plaintiff via phone calls to other parties, making anti-white comments, treating Plaintiff differently than similarly situated officers, and retaliating against Plaintiff for protected speech because Plaintiff did not share Defendant Pettis' dislike of white people.

64.　　From August 2022 and to the present date, Defendants were aware of Defendant Pettis' racial animus towards white people, Defendants failed to take action to stop or interrupt the racial animus propounded by Defendant Pettis, and Defendants supported the illegal actions by completing a sham investigation into complaints, and failing to discipline Defendant Pettis for policy violations.

65.　　From August 2022 and to the present date, Defendant City of Cincinnati's actions were willful, wanton, malicious, and/or in reckless disregard of Plaintiff's rights. As a direct and proximate result of the Defendant City of Cincinnati's actions as set forth above, Plaintiff suffered and continues to suffer damages and losses from August 2022 and to the present date,  including but not limited to loss of income and other valuable job rights. Plaintiff suffered from and continues to suffer from emotional distress all for which she should be compensated.

66.     The above actions by the Defendant City of Cincinnati, on and after August 2022, constitute unlawful discrimination in violation of 42 U.S.C. § 2000e *et seq*., and R.C. 4112, *et seq*., rendering Defendant City of Cincinnati liable for injunctive relief, equitable relief, including damages, attorney fees, compensatory damages, damages for emotional distress, loss of income, benefits, and other such damages as may be proven at trial, under the provisions of 42 U.S.C. §2000e-5 and 42 U.S.C. §1983, as well as R.C. 4112.052.

67.     The facts as alleged herein demonstrate that Defendant City of Cincinnati, on and after August 2022, engaged in discriminatory practices, ongoing harassment, and retaliation with malice or with reckless indifference to Plaintiff's federally protected rights.

68.     As a result, Defendant City of Cincinnati's actions, on and after August 2022, warrant the imposition of punitive damages under 42 U.S.C. §1983, Ohio common law, and other applicable law.

69.     Furthermore, punitive damages are warranted under state law, as Defendant City of Cincinnati's actions, on and after August 2022, constitute oppression and/or malice, Defendant City of Cincinnati authorized and ratified such conduct, or should have anticipated such conduct would occur and taken steps to prevent such conduct, especially after such conduct was reported to Defendants by Plaintiff, and appropriate remedial action and remedies were not taken.

### COUNT II – HOSTILE WORK ENVIRONMENT (against the City of Cincinnati) Title VII, 42 U.S.C. § 2000e *et seq;* R.C. Chapter 4112, *et seq.*

70.     Plaintiff restates each and every prior paragraph of this Complaint as if it were fully restated herein.

71.     Plaintiff was at all times relevant hereto, an "employee" of the City of Cincinnati, as that term is defined in 42 U.S.C. § 2000e(f) and R.C. 4112.01(A)(3).

72.     The City of Cincinnati is and was at all times relevant hereto, an "employer," as that term is defined in 42 U.S.C. § 2000e(b) and has more than 15 employees working more than each working day in each of twenty or more calendar weeks.

73.     The City of Cincinnati is and was at all times relevant hereto, an "employer," as that term is defined in R.C. 4112.01(A)(2) and employed more than the required number of employees to so qualify.

74.     From August 2022, and to the present date, the conduct of the Defendants was so severe and/or pervasive that it had the purpose and effect of unreasonably interfering with the Plaintiff's work performance and/or creating an intimidating, hostile, and/or offensive work environment.

75.     From August 2022 and to the present date, the Defendants, which included top-level management and supervision, knew of the discriminatory actions and/or supervised Plaintiff.

76.     From August 2022 and to the present date, for the reasons and based on the facts outlined in the preceding paragraphs, and under 42 U.S.C. § 2000e-2(a)(1), the Defendant City of Cincinnati "otherwise" "discriminated against" Plaintiff "concerning [her] compensation, terms, conditions, or privileges of employment, because of such individual's race," and in contravention of 42 U.S.C. § 2000e-2(a)(1). Beginning in August 2022, for the reasons and based on the facts outlined in the preceding paragraphs, and under 42 U.S.C. § 2000e-2(a)(2), the Defendant City of Cincinnati limited, segregated, and/or classified the Plaintiff in a way which would deprive or tend to deprive her of employment opportunities

12

or otherwise adversely affect her status as an employee, because of her race. In the alternative, race motivated the foregoing actions, in contravention of 42 U.S.C. § 2000e-2(m).

77.    From August 2022 and to the present date, Defendant, City of Cincinnati, likewise because of the race of the Plaintiff, "otherwise" discriminated against the Plaintiff "concerning hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment," in contravention of R.C. 4112.02(A).

78.    Because of the involvement of high-level decision-makers in the foregoing discrimination, the Defendant City of Cincinnati is liable. In the alternative, Defendant City of Cincinnati knew or should have known of the actions herein and failed to take reasonable care to prevent and promptly correct the actions of the individuals and is therefore liable for their actions.

79.    From August 2022 and to the present date, and as a direct and proximate result of the Defendant City of Cincinnati's acts and omissions set forth above, Plaintiff suffered and continues to suffer damages and losses, including but not limited to loss of income, benefits, and other valuable job rights. Plaintiff suffered and continues to suffer from emotional distress for which she should be compensated.

80.    From August 2022 and to the present date, the above actions by the Defendant City of Cincinnati constitute hostile work environment harassment in violation of 42 U.S.C. §2000e, *et seq.* and R.C. 4112, *et seq.*, rendering Defendant City of Cincinnati liable for injunctive relief, equitable relief, including back pay, damages, attorneys fees, compensatory damages, including damages for emotional distress, loss of income, benefits, and such other damages as may be proven at trial, under the provisions of 42 U.S.C. §2000e-5 as well as R.C. 4112.052.

81.     From August 2022 and to the present date, the facts as alleged herein demonstrate that Defendant City of Cincinnati engaged in discriminatory practices, ongoing harassment, and retaliation with malice or with reckless indifference to Plaintiff's federally protected rights.

82.     From August 2022 and to the present date, Defendant City of Cincinnati's actions warrant the imposition of punitive damages under 42 U.S.C. §2000e, 42 U.S.C. §1983, Ohio common law, and other applicable laws.

83.     From August 2022 and to the present date, punitive damages are warranted under state law, as Defendants' actions constitute oppression and/or malice., Defendant City of Cincinnati s authorized and ratified such conduct, or should have anticipated such conduct would occur, and taken steps to prevent such conduct, especially after such conduct was reported to Defendants by Plaintiff, and appropriate remedial action and remedies were not taken.

84.     As a direct and proximate result of the City of Cincinnati's actions and/or omissions, Plaintiff has suffered harm.

### **COUNT III- RETALIATION (against the City of Cincinnati)**

#### *Title VII, 42 U.S.C. § 2000e et seq.; R.C.4112, et seq.*

85.     Plaintiff incorporates the previous paragraphs as if fully rewritten herein and further alleges as follows:

86.     From August 2022 and to the present date, Plaintiff was qualified and held positions as a sworn law enforcement officer for the City of Cincinnati, Division of Police.

87.     Following Plaintiff's reports of unlawful conduct to Defendant City of Cincinnati, and its agents, to include Pettis and Theetge, the discrimination and harassment

was ignored, and adverse employment actions were taken against Plaintiff, as set forth herein, August 2022 and to the present date in violation of 42 U.S.C. §2000e, *et seq.* and R.C. 4112, *et seq.*

88.     Specifically, and during the period from August 2022 to July 17, 2023, actions by Defendants include, but are not limited to, harassing and intimidating Plaintiff by making threats and spreading harmful rumors, making anti-white comments, treating Plaintiff differently than similarly situated black officers and supervisors, failing to enforce policy in a fair and consistent manner, enforcing policy based on the race of the involved parties, and retaliating or permitting the retaliation against Plaintiff for protected activity. Defendant was permitted to threaten Plaintiff in a phone conversation, and appear at Plaintiffs home, to intimidate Plaintiff without consequence, after Plaintiff came forward and reported misconduct. Defendants' actions caused Plaintiff to miss work due to the stress and anxiety resulting from the harassment.

89.     Plaintiff was excluded from an opportunity to work as an investigator for District 2 because of race, and in retaliation for her anti-racist beliefs.

90.     Plaintiff, from August 2022, to the present, has been discriminated against because she opposed practices made an unlawful employment practice by Title VII and/or R.C. 4112 *et seq.*, and/or because she made charges, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII and/or R.C. Chapter 4112, in violation of 42 U.S.C. § 2000e-3(a), and under R.C. 4112.02(I).

91.     As a direct and proximate result of the Defendant City of Cincinnati's conduct described herein, from August 2022 and to the present date, Plaintiff suffered and continues to suffer irreparable harm and damages, including but not limited to loss of income, benefits,

opportunity, and other valuable job rights. Plaintiff also suffered from and continues to suffer emotional distress from Defendants' conduct described herein, all for which Plaintiff should be compensated.

92.     The above actions by the Defendant City of Cincinnati, from March, 2021, to the present, constitute unlawful discrimination in violation of 42 U.S.C. §2000e, *et seq.* and R.C. 4112, *et seq*., rendering the Defendant City of Cincinnati liable for injunctive relief, equitable relief, including back pay, damages, attorneys fees, compensatory damages, including damages for emotional distress, loss of income, benefits, and other such damages as may be proven at trial, under the provisions of 42 U.S.C. §2000e-5, as well as R.C. Chapter 4112 and R.C. 4112.052.

93.     The facts as alleged herein demonstrate that Defendant City of Cincinnati engaged in discriminatory practices, ongoing harassment, and retaliation, from March 2022 to the present, with malice or with reckless indifference to Plaintiffs' federally protected rights. As a result, Defendant City of Cincinnati's actions warrant the imposition of punitive damages under 42 U.S.C. 42 U.S.C. §1983, Ohio common law, and other applicable law.

94.     Furthermore, punitive damages are warranted under state law, as Defendant City of Cincinnati's actions constitute oppression and/or malice, Defendant City of Cincinnati authorized and ratified such conduct, or should have anticipated such conduct would occur and taken steps to prevent such conduct, especially after such conduct was reported to top level management by Plaintiffs, and appropriate remedial action and remedies were not taken.

## **COUNT IV – DEPRIVATION OF RIGHTS (against all Defendants)**

### Title 42 U.S.C. § 1983 *et seq.*

95.     Plaintiff incorporates the previous paragraphs as if fully rewritten herein and further alleges as follows:

96.     Defendants, at all times relevant to this action, were the City of Cincinnati, and/or City employees or officers acting in their official capacity, including but not limited to, supervising, directing investigations, ruling on investigations, applying policies, evaluating subordinates, firing and disciplining employees.

97.     Defendants, at all times relevant to this action, were acting under the color of law.

98.     From August 2022 and to the present date, Defendants unlawfully deprived Plaintiff of her Constitutional rights in violation of the Fourteenth Amendment and the Equal Protection Clause of the Constitution of the United States.

99.     Each of the individual Defendants personally participated in the adverse actions, retaliation, and race discrimination undertaken during this period of August 2022 and to the present date, and as outlined in detail in the preceding paragraphs. This included engaging in discriminatory actions and/or being aware of the discrimination and failing to intervene or stop repetitive discriminatory conduct, failing to properly investigate allegations of discrimination, and retaliating against Plaintiff after she reported the discrimination.

100.    From August 2022 and to the present date, Pettis and Theetge engaged in selectively treating Plaintiff less favorably based on her race compared with other similarly situated employees, and/or failed to act on clear evidence of discrimination and harassment suffered by Plaintiff.

101.    From August 2022 and to the present date, Plaintiff suffered retaliation, and Defendants Pettis and Theetge conspired to retaliate and discriminate against Plaintiff based on their participation in discriminatory actions, and/or discriminatory investigations and outcomes. Specifically, Defendant Theetge refused to process and/or investigate discrimination and/or retaliation claims properly reported by Plaintiff because of the race of the offending party.

102.    Defendant Pettis treated Plaintiff different than similarly situated officers, denied Plaintiff a position for which she was qualified, and denied Plaintiff monetary benefits and career opportunities afforded similarly situated officers, because Plaintiff engaged in relationships with white males, married a white male, had bi-racial children, and because Plaintiff opposed and reported unlawful discriminatory practices.

103.    From August 2022 and to the present date, Defendants Pettis and Theetge failed to adhere to and enforce established policies, actively participated and/or failed to address disparate treatment based on race, and permitted, encouraged and engaged in retaliation against Plaintiff and continued to perpetuate a hostile work environment based on race.

104.    From August 2022 and to the present date, Defendants Pettis and Theetge's actions and failure to fairly enforce established policies based on the race of the involved parties, were a direct and proximate cause of the constitutional deprivation suffered by Plaintiff.

105.    Defendant, City of Cincinnati is likewise liable under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) for the foregoing Equal Protection violations, because (i) officials with final decision-making authority ratified and personally participated in the

illegal actions; (ii) the City had and may still have a policy of inadequate training or supervision, including the failure to investigate, supervise, and take appropriate action concerning the handling of discriminatory investigations, despite the existence of prior legitimate complaints against the City for similar unconstitutional misconduct; and (iii) the City had and may still have a custom of tolerance or acquiescence of federal rights violations. *See Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

106.     The above actions by each of the Defendants constitute unlawful discrimination in violation of 42 U.S.C. §1983, *et seq.,* rendering each of the Defendants liable for injunctive relief, equitable relief, including back pay, damages, attorneys fees, compensatory damages, including damages for emotional distress, loss of income, benefits, and such other damages as may be proven at trial, under the provisions of 42 U.S.C. §1983 and 42 U.S.C. § 1988.

107.     The facts as alleged herein demonstrate that individual Defendants Pettis and Theetge engaged in discriminatory practices, ongoing harassment, and retaliation with malice or with reckless indifference to Plaintiff's federally protected rights.

108.     As a result, the Defendants' actions warrant the imposition of punitive damages under 42 U.S.C. §1983 and other applicable laws against Defendants Pettis and Theetge.

### **COUNT V – DEPRIVATION OF RIGHTS -- (Defendants Pettis and Theetge, only)**
### R.C. 4112.02(J)

109.     Plaintiff incorporates the preceding paragraphs as if fully restated here.

110.     R.C. 4112.02(J) prohibits any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, to

obstruct or prevent any person from complying with this chapter or any order issued under it, or to attempt directly or indirectly to commit any act declared by this section to be an unlawful discriminatory practice.

111.    Defendants Pettis and Theetge violated R.C. 4112.02(J) by each aiding, abetting, compelling, and coercing, violations of R.C. 4112 *et seq.*, including by and through the actions outlined in the preceding paragraphs.

112.    Defendants Pettis and Theetge were each personally involved in the pervasive activity set forth herein, to include continued and pervasive race discrimination and retaliation, during the relevant limitations period, and each individual Defendant took active and concerted steps to see that complaints were not meaningfully investigated, to further direct and see that the individual (Plaintiff) making the complaints was punished or otherwise retaliated against, for her protected activity, and thus each aided, abetted, incited, compelled, or coerced the doing of acts declared by R.C. 4112.02 to be an unlawful discriminatory practices; in the same vein, each of the foregoing Defendants obstructed, prevented, and continue to obstruct and prevent Plaintiff and others from complying with R.C. 4112 *et seq.*, as well as having attempted directly or indirectly to commit unlawful acts of discrimination under R.C. Chapter 4112 *et seq*.

113.    As a direct and proximate result of Defendant Pettis and Theetge's conduct described herein, Plaintiff suffered and continues to suffer irreparable harm and damages, including but not limited to loss of income, benefits, opportunity, and other valuable job rights. Plaintiff also suffered from and continues to suffer emotional distress from Defendants' conduct described herein, all for which Plaintiff should be compensated.

114.     The above actions by Defendants Pettis and Theetge constitute unlawful discrimination in violation of R.C. Chapter 4112, *et seq*., rendering Defendants liable for injunctive relief, equitable relief, including back pay, damages, attorneys' fees, compensatory damages, including damages for emotional distress, loss of income, benefits, and other such damages as may be proven at trial, under the provisions of R.C. 4112 *et seq.* and R.C. 4112.052.

**COUNT VI – CONSPIRACY TO VIOLATE CIVIL RIGHTS**

**(Defendants Pettis and Theetge)**

115.     Plaintiffs incorporate the preceding paragraphs as if fully restated here.

116.     From August 2022 and to the present date, Defendants Pettis and Theetge being two or more persons in Ohio, and acting under color of law, each personally conspired to prevent, by intimidation or threat, Plaintiff from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; they further conspired to injure Plaintiff in her person or property on account of the lawful discharge of the duties of Plaintiff's offices, and they conspired, while engaged in the lawful discharge thereof, or to injure Plaintiff's property to molest, interrupt, hinder, or impede her in the discharge of her official duties, all in violation of 42 U.S.C. § 1985(1).

117.     From August 2022 and to the present date, Defendants Pettis and Theetge being two or more persons in Ohio, conspired to impede, hinder, obstruct, or defeat, in any manner, the due course of justice in the State of Ohio, with intent to deny to Plaintiff, as a citizen, the equal protection of the laws, or to injure her or her property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws, all in violation of 42 U.S.C. § 1985(2).

118.    Specifically, and without limitation, from August 2022 and to the present date, Defendants Pettis and Theetge, with a common conspiratorial purpose, directed, was involved in directing, and conspired to direct or conceal the acts of retaliation, outlined in the preceding paragraphs against Plaintiff, and to create a pervasive and hostile working environment.

119.    As a direct and proximate result of the Defendants Pettis and Theetge's conduct described herein, Plaintiff suffered and continues to suffer irreparable harm and damages from August 2022, to the present, including but not limited to loss of income, benefits, opportunity, and other valuable job rights. Plaintiff also suffers from and will continue to suffer emotional distress from the individual Defendants conduct described herein, all for which Plaintiff should be compensated.

120.    The above actions by the individual Defendants constitute an unlawful civil rights conspiracy, in violation of 42 U.S.C. § 1985, rendering individual Defendants liable for injunctive relief, equitable relief, including back pay, damages, attorneys fees, compensatory damages, including damages for emotional distress, loss of income, benefits, and other such damages as may be proven at trial, under the provisions of 42 U.S.C. § 1983, and 42 U.S.C. § 1985.

121.    The facts as alleged herein demonstrate that individual Defendants engaged in discriminatory practices, ongoing harassment, and retaliation, from August 2022, to the present, with malice or with reckless indifference to Plaintiff's federally protected rights.

122.    As a result, individual Defendants' actions warrant the imposition of punitive damages under law.

**COUNT VII – NEGLECT TO PREVENT CONSPIRACY TO VIOLATE CIVIL**

### RIGHTS (Defendants Pettis and Theetge)

123.     Plaintiff incorporates the preceding paragraphs as if fully restated here.

124.     From August 2022 and to the present date, Defendants Pettis and Theetge, having knowledge that any of the wrongs conspired to be done, and mentioned in 42 U.S.C. § 1985, were about to be committed, and having power to prevent or aid in preventing the commission of the same, neglected or refused so to do, in violation of 42 U.S.C. § 1986.

125.     As a direct and proximate result of the individual Defendants' conduct described herein, Plaintiff suffered and continues to suffer irreparable harm and damages, from August 2022, including but not limited to loss of income, benefits, opportunity, and other valuable job rights. Plaintiff also suffered from and continues to suffer emotional distress from individual Defendants' conduct described herein, all for which Plaintiff should be compensated.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

1. For Defendants to be held liable jointly and severally for the damages suffered by Plaintiff;

2. For all back pay, pre-judgment interest, fringe benefits, and any other appropriate relief necessary to make Plaintiff whole, and compensate them for the civil rights violations described above;

3. For compensatory damages, not otherwise included in backpay and pre-judgment interest and fringe benefits, including emotional damages, liquidated damages, injunctive relief, including the removal of any derogatory information regarding Plaintiff found in any employment file or otherwise;

4. For Plaintiff's costs herein expended, including reasonable attorney's fees;

4. For an award of punitive damages;

5. For sufficient injunctive relief, enjoining future violations of state and federal anti-discrimination law by Defendants, removal of any adverse employment information, and/or other restorative injunctive relief;

6. For trial by jury on all issues so triable; and

7. All other relief as this Court finds just and proper.

Respectfully submitted,

*/s/Jennifer L. Knight*
Jennifer L. Knight (0095480)
Gottesman & Associates, LLC
9200 Montgomery Rd.
Building E, Suite 18B
Cincinnati, Ohio 45242
Telephone: 513/651-2121
Fax: 513/586-0655
Jknight6291@yahoo.com

*/s/Zachary Gottesman*
Zachary Gottesman (0058675)
Gottesman & Associates, LLC
9200 Montgomery Rd.
Building E, Suite 18B
Cincinnati, Ohio 45242
Telephone: 513/651-2121
Fax: 513/586-0655
zg@zgottesmanlaw.com

**Jury Demand**

The Plaintiff demands a trial by jury on all issues so triable.

*/s/Jennifer L. Knight*
Jennifer L. Knight (0095480)
Trial Attorney for Plaintiff