IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TONI NASH | : | Case No. 1:24-cv-00587-MWM |
| Plaintiff, | : | |
| v. | : | **DEFENDANTS' JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| CITY OF CINCINNATI, et al. | : | |
| Defendants. | : | |

Defendants City of Cincinnati, Theresa Theetge (in her individual and official capacities), and Danita Pettis (in her official capacity) ask this Court to dismiss Plaintiff Toni Nash's claims against them under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Defendant Pettis, in her individual capacity, joins this motion. A memorandum in support is attached.

Respectfully submitted,

/s/ Brian G. Dershaw
Brian G. Dershaw (72589)
Trevor M. Nichols (103983)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Tel.: (513) 381-2838
Fax: (513) 381-0205
bdershaw@taftlaw.com
tnichols@taftlaw.com

*Trial Attorneys for Defendants City of Cincinnati, Theresa Theetge (in her individual and official capacity), and Danita Pettis (in her official capacity only)*

/s/ Kimberly A. Rutowski
Kimberly A. Rutowski
Lazarus Law, LLC
525 Vine Street, Suite 2210
Cincinnati, Ohio 45202
Tel.: (513) 721-7300
Fax: (513) 721-7008
krutowski@hllmlaw.com

*Trial Attorney for Defendant Danita Pettis (in her individual capacity only)*

IN THE UNITED STATE DISTRICT COURT

1

FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TONI NASH | : | Case No. 1:24-cv-00587-MWM |
| Plaintiff, | : | |
| v. | : | |
| CITY OF CINCINNATI, et al. | : | |
| Defendants. | : | |

## **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

### I. INTRODUCTION

Plaintiff Toni Nash ("Plaintiff") is an officer with the Cincinnati Police Department's District 5 Patrol. (Compl., ECF No. 1, ¶ 17).[1] She brings this action against the City of Cincinnati, Police Chief Teresa Theetge (in her individual and official capacities), and former Police Captain Danita Pettis (in her individual and official capacities).

Plaintiff, who is Black, claims that the City of Cincinnati, Chief Theetge (white), and Captain Pettis (Black) discriminated and retaliated against her because she is married to a white man and has biracial children. To try to support her claims, Plaintiff makes several allegations related to a doctored recording she received of an August 2022 off-duty phone conversation between Captain Pettis and others. (*Id.* ¶¶ 19, 32-33). Plaintiff was not a party to that call, did not receive or hear any of the comments directly from Captain Pettis, and she only received it from another individual after it had been recorded (without Captain Pettis's knowledge). (*Id.* ¶¶

---

[1] ECF No. 1 includes PageID #s 1-24.

2

32-33). In the recording, Captain Pettis allegedly made derogatory and offensive comments about, but not to, Plaintiff.

After Plaintiff chose to listen to the abbreviated recording of the August 2022 call, she sat on it for several months, waiting until June 2023 to complain to the Cincinnati Police Department's Internal Investigations Section (IIS). (*Id.* ¶ 48). Just after her report, Chief Theetge directed Human Resources to conduct an investigation. (*Id.* ¶ 49). Human Resources ultimately concluded that the off-duty phone call between Captain Pettis and others did not constitute a workplace policy violation. (*Id.* ¶ 53).

No adverse employment action was taken against Plaintiff before or after she complained about the recording. She continues to work as an officer with the Cincinnati Police Department. (*Id.* ¶ 4). Nevertheless, in support of her alleged claims, Plaintiff avers that the City of Cincinnati, Chief Theetge, and Captain Pettis subjected her to intentional discrimination and retaliation since August 2022 because a topic covered in the recording was her association with her white husband and biracial children. (*See*, *e.g.*, *id.*, ¶¶ 61, 74, 88, 98, 116, 124). Her evidence of discrimination and retaliation is only the edited recording that she received from someone else, which she concedes neither the City of Cincinnati, Chief Theetge, nor Captain Pettis would have known about until she complained.

Under these facts, each of Plaintiff's claims fail under Fed. R. Civ. P. 12(b)(6).

## II.     ARGUMENT

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Facial plausibility puts a court in the position reasonably to infer the defendant could be liable for the

3

alleged misconduct. *Id*. (quoting *Twombly*, 550 U.S. at 557). To get there, the complaint must have "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," "labels and conclusions," "a formulaic recitation of the elements," and "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 678 (citing/quoting *Twombly*, 550 U.S. at 555 and 557).

When the alleged facts are insufficient to state a claim, no law supports the claim made, or the face of the complaint presents an insurmountable bar to relief, Rule 12(b)(6) requires dismissal. *Twombly,* 550 U.S. at 561–64.

A. **Each of Plaintiff's Claims Against the City of Cincinnati Must Fail.**

1. **Plaintiff fails to state a claim for race discrimination against the City of Cincinnati (Count I).**

Although detailed factual allegations are unnecessary in a complaint, a plaintiff must "allege sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that an employer violated Title VII" or R.C. Chapter 4112. *Bar v. Kalitta Charters II, LLC*, No. 21-1739, 2022 U.S. App. LEXIS 21412, 2022 WL 3042844, at *3 (6th Cir. Aug. 2, 2022) (cleaned up). A race discrimination claim requires that the plaintiff make allegations from which a court can infer an adverse action had been taken against the plaintiff because of her race*. McComb v. Best Buy Inc.*, No. 3:23-cv-28, 2024 U.S. Dist. LEXIS 171249 at *9 (S.D. Ohio Sep. 23, 2024). When a plaintiff alleges no adverse employment action, dismissal under Rule 12(b)(6) is appropriate. *See Edwards v. City of Cincinnati*, No. 1:22-cv-503, 2023 U.S. Dist. LEXIS 4748 at *13 (S.D. Ohio Jan. 10, 2023) (aff'd No. 23-3083, 2023 U.S. App. LEXIS 22057 (6th Cir. Aug. 21, 2023)) (race discrimination claim dismissed because plaintiff did not suffer an adverse employment action).

Plaintiff suggests that, because she is Black, she was not ranked higher in a list of candidates who applied for an open, lateral investigator position. (Compl., ECF No. 1, ¶¶ 34,

4

40). She does not plead however, that, because she is Black, she suffered an adverse employment action affecting the terms and conditions of her employment. *See Lee v. Cleveland Clinic Found.*, 676 F. App'x 488, 494 (6th Cir. 2017) (stating that an adverse employment action requires a materially adverse change in the terms of employment). She offers nothing connecting her race to the ranking.

Instead, Plaintiff generally alleges that beginning in August 2022, the discrimination she faced included phone calls to other parties and anti-white comments. (Compl., ECF No. 1, ¶ 63). Presumably she means the one off-duty phone call to which she was not a party and that she only received a portion from someone else; the same recording she sat on for over seven months.

Nor does Plaintiff (because she cannot) allege facts suggesting her complaint about the recording she heard had impacted the ranking list for the District 2 investigator position. Again, she complained long after the ranking. (*Id.* ¶ 48). And her general comments about some racial animus of Captain Pettis related to that ranking (including a vague assertion of "significant role" and nothing else) is no more than a naked assertion devoid of any actual facts. (*Id.* ¶ 49).

Put simply, Plaintiff's allegations that Captain Pettis held a discriminatory animus toward white people[2] does not on its own support an inference of racially discriminatory intent absent any plausible allegation that Plaintiff was treated differently because of her association with white people. *Jones v. City of Cincinnati*, No. 1:22-cv-530, 2024 U.S. Dist. LEXIS 29486 at *23-24 (S.D. Ohio Feb. 21, 2024) (plaintiff failed to plead a plausible claim of race discrimination where there were neutral, legally significant differences between applicants for law enforcement role).

---

[2] Interestingly, Plaintiff makes these allegations knowing that her counsel also represents the white male who had been ranked highest on the list.

Likewise, Plaintiff's Complaint is silent about any substantive change in assignment from District 5 patrol to a District 2 investigator. Plaintiff had worked as an investigator in District 5 and left that role for District 5 patrol, offering no more about the change or qualifications for either position. (Compl., ECF No. 1, ¶ 35). What is more, Plaintiff alleges no substantive change to her role after she applied for, but did not receive, the lateral move to the District 2 investigator position. A failure to laterally transfer is not an adverse action unless it involves a materially adverse change in the terms and conditions of employment. *Freeman v. Potter*, 200 F. App'x 439, 443 (6th Cir. 2006). "[A] purely lateral transfer or denial of the same, which by definition results in no decrease in title, pay or benefits, is not an adverse employment action for discrimination purposes." *Momah v. Dominguez*, 239 F. App'x 114, 123 (6th Cir. 2007); *C.f. Muldrow v. City of St. Louis*, 601 U.S. 346 (2024) (for an adverse employment action, there must be a disadvantageous change in an employment term or condition). Here, there is neither a change in position nor change in her role—Plaintiff does not, and cannot, plausibly allege she is "worse off." *Muldrow*, 601 U.S. at 359.

Finally, Plaintiff also suggests she suffered retaliation as a form of discrimination but, as further described in Section 3 below, she does not allege that she engaged in protected activity by opposing conduct that was unlawful under Title VII or R.C. Chapter 4112. Yes, she complained in June 2023 about the content of the recording she heard in August 2022, but that was well after she learned of her ranking for the District 2 position. Thus, Plaintiff has not pled a plausible claim for retaliation.

Because Plaintiff has not alleged any—and she suffered no—adverse employment action, the Court should dismiss Count 1 of her Complaint. *See Edwards v. City of Cincinnati*, No.

6

1:22-cv-503, 2023 U.S. Dist. LEXIS 4748 at *13 (S.D. Ohio Jan. 10, 2023) (aff'd No. 23-3083, 2023 U.S. App. LEXIS 22057 (6th Cir. Aug. 21, 2023)).

### 2. Plaintiff fails to state a claim for hostile work environment against the City of Cincinnati (Count II).

At the pleading stage, a plaintiff asserting a hostile work environment claim must allege that her "workplace is permeated with 'discriminatory intimidation, ridicule, and insult' that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *AMTRAK v. Morgan*, 536 U.S. 101, 122 S. Ct. 2061 (2002) (citation omitted). Additionally, the plaintiff must allege that she is a member of a protected class and that "the harassment was based on race." *Phillips v. UAW Int'l*, 854 F.3d 323, 327 (6th Cir. 2017). Plaintiff's hostile work environment claim should be dismissed because her Complaint does not allege discriminatory conduct separate from the alleged discrete acts that she tries to use to support her discrimination claim. Nor does she allege any conduct that was severe or pervasive.

Discrete acts of discrimination include termination, failure to promote, denial of transfer, or refusal to hire. This is different than repeated conduct sufficient to create a hostile work environment. *Ogbonna-McGruder v. Austin Peay State Univ.*, 91 F.4th 833, 840 (6th Cir. 2024). Plaintiff's attempt to state a claim for discrimination against the City of Cincinnati focuses on what she heard in the abbreviated recording, the ranking list of applicants for the District 2 investigator position, and her complaint about the 2022 call. This alleged conduct is "different in kind" from the "repeated conduct" necessary to state a claim for a hostile work environment. *Id.* (quoting *Sasse v. U.S. Dep't of Lab.*, 409 F.3d 773, 783 (6th Cir. 2005)). It certainly "cannot properly be characterized as part of a continuing hostile work environment." *Id.*

7

Taking those allegations away, what remains are vague and speculative conclusions founded on an edited recording made outside work and provided to Plaintiff by someone other than Captain Pettis. Indeed, Plaintiff takes no issue with her interactions with Captain Pettis after she learned about the call; she even sought to transfer to her district. *Milczak v. Gen. Motors, LLC*, No. 21-CV-11484, 2023 U.S. Dist. LEXIS 73580 at *17 (E.D. Mich. Apr. 27, 2023) (even if a plaintiff subjectively perceives her work environment as hostile, her claim still fails unless discrimination permeates the workplace). Only after the recording had been leaked, which Plaintiff does not claim was done by any Defendant, did she finally claim her ability to do her job had been impacted. (Compl., ECF No. 1, ¶¶ 45-46). These allegations cannot support an inference that the alleged harassment was "severe or pervasive," even with a late claim that some conduct "unreasonably interfered with [her] work performance." *Ogbonna-McGruder*, 91 F.4th at 840 (no race-based hostile work environment where plaintiff/professor alleged: (1) she was instructed by the dean of the university to move to the basement; (2) she was scolded by the dean in front of a white faculty member; (3) she was denigrated by the dean during a video call; and (4) she was told by the department chair she was unqualified).

Plaintiff alleges that after 20 years with the City, her work environment generally changed beginning in August 2022 after she listened to the recording that was provided to her. (Compl., ECF No. 1, ¶¶ 15, 74). But she points to only discrete acts, none of which could reasonably be interpreted as severe or pervasive, had the purpose and effect of unreasonably interfering with her work performance, or created an intimidating, hostile, or offensive work environment. *Lambert v. City of Cincinnati*, No. 1:21-cv-188, 2024 U.S. Dist. LEXIS 151358 at *18-19 (S.D. Ohio Aug. 22, 2024) (recommending dismissal of hostile work environment claim where allegations are more akin to ordinary workplace tribulations than objectively and

8

subjectively severe and pervasive harassment); *see Henry v. Federal Reserve Bank of Atlanta*, 609 F. App'x 842, 845 (6th Cir. 2015) (cleaned up) (scattered comments and calls are "the fruits of 'ordinary workplace friction.'").

For each of these reasons, Plaintiff's hostile work environment claim against the City of Cincinnati should be dismissed.

### 3. Plaintiff fails to state a claim for retaliation against the City of Cincinnati (Count III).

To make out a plausible claim for retaliation under Title VII and R.C. Chapter 4112, a plaintiff generally must show that: (1) she engaged in a protected activity; (2) the exercise of protected rights was known to the defendant; (3) the defendant later took an action that was materially adverse to the plaintiff; and (4) there was a causal connection between the protected activity and the adverse action. *Hubbell v. FedEx SmartPost, Inc.*, 933 F.3d 558, 568 (6th Cir. 2019). Plaintiff alleges she was "excluded from an opportunity to work as an investigator for District 2 because of race, in retaliation for her anti-racist beliefs." (Compl., ECF No. 1, ¶ 89, at PageID 15). Her retaliation claim fails because it is disconnected from any alleged protected activity.

The foundation for all of Plaintiff's alleged claims, including retaliation, is the August 2022 recording, *which she did not report until June 2023*. Plaintiff's attempt to apply that complaint retroactively or to argue her general "beliefs," but nothing else, are protected activities run contrary to reason and the law.

The Court cannot, as Plaintiff asks, presume retaliation because the phone call between Captain Pettis and others occurred before the investigator rank list was released. That inference would be a bridge too far. Again, Plaintiff applied for the open investigator position and learned of the candidate ranking *before* she complained to IIS—the positions were posted on April 1, the

9

rank list released soon after, and she did not contact IIS to report the phone call until June 5. (*Id.* ¶¶ 43, 40, 48). This timeline is fatal to Plaintiff's retaliation claim. Plaintiff cannot allege—and there is no way to causally connect—her June 2023 report to an April 2023 ranking.

At the core of any retaliation claim, a plaintiff must allege protected activity to survive a motion to dismiss. *Krueger v. Home Depot USA, Inc.*, 674 F. App'x 490, 495 (6th Cir. 2017); *see also Provitt v. J.T. Thorpe & Son, Inc.*, No. 4:22-CV-486, 2023 U.S. Dist. LEXIS 213544 at *13 (N.D. Ohio Nov. 30, 2023) (plaintiff's retaliation claim failed because he did not make an overt stand against suspected illegal discriminatory action). Plaintiff did not do that. Outside the after-the-fact complaint to IIS, Plaintiff does not plausibly allege any other protected activity for which she could have suffered retaliation. Because Plaintiff does not plausibly allege any causal connection between a protected activity and adverse action, her retaliation claim against the City of Cincinnati should be dismissed.

    **B.** **Plaintiff Fails to State a Claim Under 42 U.S.C. §§ 1983, 1985, and 1986 Against All Defendants (Counts IV, VI, and VII).**

Plaintiff's duplicative claims under the Fourteenth Amendment and Equal Protection Clause each fail for the same reasons identified above. She alleges the same conduct for all of her claims. And because that conduct is not enough to plausibly allege discrimination, a race-based hostile work environment, or retaliation, it similarly is not enough to state claims under 42 U.S.C. §§ 1983, 1985, and 1986. *See Fisher v. Kissee*, No. 2:24-cv-906, 2024 U.S. Dist. LEXIS 123077 (S.D. Ohio July 9, 2024); *Frieg v. City of Cleveland*, No. 12-CV-02455, 2013 U.S. Dist. LEXIS 88323 at *4 (N.D. Ohio June 23, 2013) ("Because Frieg has named the City of Cleveland as a defendant, her claims against McGrath in his official capacity are duplicative."); *Tyndle Ridge Dev., LLC v. City of Cincinnati*, No. 09-cv-169, 2009 U.S. Dist. LEXIS 80983 *15-16

(S.D. Ohio Aug. 31, 2009) (finding that because the complaint fails to state a federal claim against the City of Cincinnati, the claims against the police chief must be dismissed).

These claims also fall outside the statutes of limitation, which is proper grounds for dismissal at this stage when "the allegations in the complaint affirmatively show that the [claims are] time-barred." *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 698 (6th Cir. 2022) (cleaned up). In Ohio, the applicable period for §§ 1983 and 1985 claims is two years. *Basista Holdings, LLC v. Ellsworth Twp.*, 710 F. App'x 688, 691 (6th Cir. 2017). Claims under § 1986 are subject to a one-year statute of limitations. *See Harris v. City of Canton*, 725 F.2d 371, 375 n.4 (6th Cir. 1984). For each, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).

To support her claims under §§ 1983, 1985, and 1986, Plaintiff alleges Defendants violated her right to equal protection under the law. (Compl., ECF No. 1, ¶ 98). She states this deprivation started in August 2022. (*Id.* ¶¶ 98-104). But Plaintiff did not file her Complaint until October 2024, more than two years after she knew or ought to have known of her alleged injury. (*See id.* ¶ 74) (generally alleging that in August 2022, Defendants' conduct was so "severe and/or pervasive" that it interfered with her work performance, and created an intimidating, hostile, and offensive work environment).

That Plaintiff filed charge of discrimination and waited on a right-to-sue from the EEOC is irrelevant. A plaintiff need not procure a right-to-sue from the EEOC to bring a § 1983 claim—only to bring a Title VII claim. And because a § 1983 claim "is separate from and independent of Title VII, the statute of limitations on a ... Section 1983 claim is not tolled by the pendency of administrative action on a Title VII claim." *Carter v. District of Columbia.*, 14 F. Supp. 2d 97, 102 (D.D.C. 1998) (cleaned up). The same is true for claims under §§ 1985 and

11

1986. *Fisher. v. City of Columbus*, No. 2:24-cv-150, 2024 U.S. Dist. LEXIS 224190 at *17 (S.D. Ohio Dec. 11, 2024) (like § 1983 claims, any cause of action for conspiracy under § 1985 has a two-year statute of limitations); *Harris v. City of Canton*, 725 F.2d 371, 375 n.4 (6th Cir. 1984) (Congress expressly provided a one-year statute of limitations period in § 1986).

Plaintiff is not alleging that any circumstances changed after August 2022—she claims they have been the same since then. Thus, all of her purported claims accrued on and stem from the first date she claims she was harmed—August 2022. *Jones v. City of Cincinnati*, No. 1:22-cv-530, 2024 U.S. Dist. LEXIS 29486 at *29 (S.D. Ohio Feb. 21, 2024). Accordingly, apart from failing to state a claim on the merits, Plaintiff's §§ 1983, 1985, and 1986 must be dismissed because they are untimely.

### C. Each of Plaintiff's Remaining Claims Against Chief Theetge and Captain Pettis Fail (Count V).

Because the rest of Plaintiff's claims fail, so too do her claims against Chief Theetge and Captain Pettis for aiding and abetting discrimination under R.C. 4112.02(J). To state a claim under Section 4112.02(J), Plaintiff must allege Chief Theetge and Captain Pettis aided or abetted the City of Cincinnati's allegedly discriminatory actions. *Chulsky v. Golden Corral Corp.*, 583 F. Supp. 3d 1059 (S.D. Ohio 2022). Plaintiff has not met that burden.

Moreover, even if Plaintiff had made a plausible allegation of discrimination (she did not), her allegations of aiding and abetting are not plausible. Ohio courts generally define "aid" as "[t]o assist" and "abet" as "[t]o incite or encourage." *Luke v. City of Cleveland*, No. 1:02CV1225, 2005 U.S. Dist. LEXIS 49630 (N.D. Ohio Aug. 22, 2005) (citation omitted). Plaintiff, however, appears to argue Chief Theetge and Captain Pettis themselves committed such conduct. But they cannot aid and abet themselves; to state a claim, Plaintiff must articulate

their involvement in another's discriminatory conduct. "[M]ere association with the principal is not enough." *Horstman v. Farris*, 132 Ohio App. 3d 514, 527, 725 N.E.2d 698 (1999).

Plaintiff does not make a plausible claim that Chief Theetge and Captain Pettis aided and abetted any unlawful act by the City of Cincinnati. Nor can she; a plausible claim against the City of Cincinnati is a prerequisite to any claim against an individual under R.C. 4112.02(J) and each of the claims she attempts to bring against the City of Cincinnati fail.

For each of these reasons, Plaintiff's claims against Chief Theetge and Captain Pettis for aiding and abetting discrimination must be dismissed.

### III.   CONCLUSION

For each of the foregoing reasons, under Fed. R. Civ. P. 12(b)(6), Plaintiff's Complaint should be dismissed for failure to state a claim against any Defendants upon which relief can be granted.

Respectfully submitted,

/s/ Brian G. Dershaw
Brian G. Dershaw (72589)
Trevor M. Nichols (103983)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Tel.: (513) 381-2838
Fax: (513) 381-0205
bdershaw@taftlaw.com
tnichols@taftlaw.com

*Trial Attorneys for Defendants City of Cincinnati, Theresa Theetge (in her individual and official capacity), and Danita Pettis (in her official capacity only)*

/s/ Kimberly A. Rutowski
Kimberly A. Rutowski
Lazarus Law, LLC
525 Vine Street, Suite 2210
Cincinnati, Ohio 45202
Tel.: (513) 721-7300
Fax: (513) 721-7008
krutowski@hllmlaw.com
*Trial Attorney for Defendant Danita Pettis (in her individual capacity only)*

## CERTIFICATE OF SERVICE

I certify that on December 23, 2024 the foregoing Answer was filed and served upon counsel of record through the Court's CM/ECF system:

/s/ Brian G. Dershaw

14